THE STATE OF OHIO, APPELLANT, *v.* MORRIS, APPELLEE.

[Cite as *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407.]

*Evidence—Standard of review—Decisions on admissibility under Evid.R. 404 reviewable for abuse of discretion only.*

(No. 2010-1842—Submitted November 1, 2011—Decided June 5, 2012.)

APPEAL from the Court of Appeals for Medina County, No. 09CA0022-M, 2010-Ohio-4282.

_____

SYLLABUS OF THE COURT

Trial court decisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court. Appeals of such decisions are considered by an appellate court under an abuse-of-discretion standard of review.

_____

CUPP, J.

{¶ 1} We are asked to determine the proper standard of review that an appellate court is to apply when reviewing an assignment of error claiming that the trial court improperly admitted evidence of other acts to prove the character of a person in order to show that the person acted in conformity therewith, in violation of Evid.R. 404(B). We conclude that appellate review of a trial court's decision regarding the admissibility of other crimes, wrongs, or acts under Evid.R. 404(B) is conducted under an abuse-of-discretion standard. Accordingly, we reverse the judgment of the court of appeals and remand to that court for further proceedings.

## I. Background

{¶ 2} Defendant, Carl Morris, was convicted by a jury of two counts of rape involving a minor. Defendant appealed, and one of his assigned errors asserted that the trial court had improperly allowed the state to introduce evidence of his "other * * * acts to show proof of [his] character in violation of Rules of Evidence 404(B) and 403." Defendant pointed to several instances of other-acts testimony that the trial court admitted over defendant's objection.

{¶ 3} The first portion of challenged testimony was the state's general questioning of the victim's mother about her sexual relationship with defendant. Over a continuing objection to the line of inquiry, the trial court allowed the testimony because "it could be relevant."

{¶ 4} The second portion of challenged testimony involved more specific statements sought by the state from the victim's mother about her relationship with defendant. In these statements, the victim's mother described defendant's reaction when she declined his daily sexual advances: he was verbally and mentally abusive, and he even kicked the dog. The state argued that these statements showed defendant's modus operandi, knowledge, and a plan for subsequent sexual gratification within the meaning of Evid.R. 404(B). When the mother further testified that defendant would ejaculate into towels, the state argued that this statement was consistent with the victim's testimony about how the abuse occurred and showed defendant's "modus operandi, knowledge and other acts of evidence" as permitted by Evid.R. 404(B). The court overruled defendant's objections to these statements.

{¶ 5} In the final portion of challenged testimony, the state presented testimony from the adult sister of the victim. The sister testified about an incident in which defendant had grabbed her and made what she interpreted as a sexual proposition. She also stated that when her mother learned of defendant's conduct, her mother kicked him out of the house for the night. Defendant's counsel

objected to this testimony on the basis that it was prejudicial under Evid.R. 403, and a sidebar was held. The court concluded that the conduct could be interpreted by the jury as a sexual advance and that the described action was similar enough to rape of a minor that it was admissible under Evid.R. 404(B) to show "proof of motive, opportunity, intent, preparation, plan, knowledge, or absence." In response to the concern expressed by defendant's counsel, the court acknowledged a continuing objection several times during the trial, and the court ensured that defendant's counsel was satisfied with the court's acknowledgment of that continuing objection.

{¶ 6} At the end of the trial, the court gave a limiting instruction to the jury. The judge cautioned that evidence of other acts was received for the limited purpose of deciding whether that evidence proved the absence of mistake or accident, or the defendant's motive, opportunity, intent or purpose, preparation, or plan to commit the offense charged, or knowledge of circumstances surrounding the offense charged.

{¶ 7} In his merit brief to the appellate court, defendant contended that the trial court abused its discretion and acted unreasonably when it admitted the state's other-acts testimony because none of the incidents described in that testimony had the tendency to prove any of the "enumerated exceptions" admissible for other purposes under Evid.R. 404(B), involved any element of proof required for the commission of the indicted crimes, or had any relevance to the charges on which he was eventually convicted. Defendant further argued that the evidence of his guilt was not overwhelming and that admission of the other-acts testimony was not harmless.

{¶ 8} In its merit brief to the appellate court, the state asserted that the testimony was properly admitted because the challenged testimony did not show defendant's character "in order to show action in conformity therewith," Evid.R. 404(B), but instead showed defendant's common scheme, motive, and plan, and

"idiosyncratic behavior that shows a common plan and *modus operandi*" with respect to his commission of the charged crimes.

{¶ 9} A divided appellate court concluded that the trial court improperly admitted other-acts testimony, that the trial court's error was not harmless, and that the error materially prejudiced defendant. The court sustained in part defendant's assigned error pertaining to the state-proffered other-acts testimony. Finding that its resolution of the foregoing was dispositive of the appeal, the court declared the remaining assignments of error moot, vacated the conviction, and remanded for further proceedings. 2010-Ohio-4282.

{¶ 10} Thereafter, the state sought certification of an interdistrict conflict from the appellate court, which the court denied. 2010-Ohio-5682. The state further requested en banc reconsideration of the matter, but the appellate court also denied that request in a divided en banc decision. 2010-Ohio-5973. We initially declined the state's discretionary appeal but accepted it on reconsideration. 127 Ohio St.3d 1533, 2011-Ohio-376, 940 N.E.2d 986; 128 Ohio St.3d 1448, 2011-Ohio-1618, 944 N.E.2d 697.

## II. Analysis: Standard of review for appeals in which a trial court's decision to admit other-acts evidence is challenged

{¶ 11} The general principle that guides admission of evidence is that "[a]ll relevant evidence is admissible * * * ." Evid.R. 402. Evid.R. 403 provides exceptions to this general principle and provides circumstances for the exclusion of relevant evidence.

{¶ 12} Another exception to the principle that all relevant evidence is admissible is Evid.R. 404(B), which provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 13} Evid.R. 404 codifies the common law with respect to evidence of other acts of wrongdoing. *State v. Lowe*, 69 Ohio St.3d 527, 530, 634 N.E.2d 616 (1994). The rule contemplates acts that may or may not be similar to the crime at issue. *State v. Broom*, 40 Ohio St.3d 277, 282, 533 N.E.2d 682 (1988). If the other act is offered for some relevant purpose other than to show character and propensity to commit crime, such as one of the purposes in the listing, the other act may be admissible. *Id.* Another consideration permitting the admission of certain other-acts evidence is whether the other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment" and are "inextricably related" to the crime. *State v. Curry*, 43 Ohio St.2d 66, 73, 330 N.E.2d 720 (1975). *See also Broom* at 282.

{¶ 14} "The admission of such [other-acts] evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that created material prejudice." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 66. *See also State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus ("The admission or exclusion of relevant evidence rests within the sound discretion of the trial court"). "Abuse of discretion" has been described as including a ruling that lacks a "sound reasoning process." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). A review under the abuse-of-discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments. *Id.*

{¶ 15} In its review of this matter, the appellate court concluded that two portions of the state's other-acts testimony did not meet the substantive, legal

requirements for admissibility under Evid.R. 404(B).[1]   The court said that the wife's testimony that defendant would abuse the dog out of sexual frustration should have been excluded because it had no relevance to any fact at issue in the case and was intended only to show defendant's character as mean and aggressive.   2010-Ohio-4282 at ¶ 25.   The court also said that the sexual-proposition testimony from the victim's sister should have been excluded because the challenged testimony did not describe how the other act was a part of a single criminal transaction involving the criminal charges but instead described a wholly unrelated incident.  *Id*. at ¶ 28.  In making these decisions, the appellate court rejected the state's argument, and the trial court's apparent conclusion, that the proffered other-acts testimony demonstrated defendant's common scheme, motive, and plan with respect to his commission of the charged crimes.

{¶ 16} In reaching its conclusions, the appellate court reviewed defendant's assigned error under a de novo standard of review.  De novo review is appropriate "where a trial court's order is based on an erroneous standard or a misconstruction of the law * * *.  In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court * * *."  *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992).  *See also In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 47 (questions of law are reviewed de novo).  In this case, the appellate court determined that the issue presented by defendant was whether, as a matter of substantive law, the state's other-acts testimony "has a tendency to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under Evid.R. 404(B);

---

1. The court concluded that the mother's remaining testimony about her relationship with defendant and how he would ejaculate into towels was properly admitted over defendant's objection because it was not objectionable character evidence.  Rather, the court concluded that the testimony was relevant evidence under Evid.R. 401 and 402 and not unfairly prejudicial or otherwise subject to exclusion.

i.e., did the other-acts testimony show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident *as a legal determination*? 2010-Ohio-4282 at ¶ 13. Accordingly, the appellate court declined to apply an abuse-of-discretion standard of review.

{¶ 17} As support for its decision to apply a de novo standard of review, the appellate court relied on *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13. In *Schlotterer*, we held that although trial court decisions pertaining to discovery orders are generally reviewed under an abuse-of-discretion standard, whether the information sought is confidential and privileged from disclosure under the physician-patient privilege of R.C. 2317.02(B)(1) is a question of substantive law that is reviewed de novo. *Id*. at ¶ 13-14. This is because medical records are generally privileged from disclosure, and waiver of the physician-patient privilege specifically requires a patient's express consent. *Id*. at ¶ 14-16 (referring to state and federal laws that recognize and protect confidentiality in personal medical information, including R.C. 2317.02(B)(1), the physician-patient privilege, R.C. 149.43(A)(1)(a), the public-records exemption of medical records, and 29 U.S.C. 1181 et seq., the Health Information Portability and Accountability Act of 1996).

{¶ 18} De novo review, however, does not apply to the situation presented in the case now before us. Here, the substantive law under the rule is clear: evidence of other crimes, wrongs, or acts, although not admissible to prove the character of a person in order to show action in conformity therewith, *may* be admitted for other purposes, *such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The language of Evid.R. 404(B) indicates that the list of purposes for which evidence of other crimes, wrongs, or acts may be admitted is not an exhaustive listing. Nonetheless, the appellate court appears to have mistakenly treated this list as an exclusive list. 2010-Ohio-4282 at ¶ 13, 25, 32.

**{¶ 19}** Moreover, the issue here is the application of that rule to specific evidence that is introduced or sought to be introduced. This is a different issue. Whether specific evidence will be admitted is a matter left to the considerable, but not unlimited, discretion of the trial court. The use of the words "may" and "such as" in the rule suggests that the trial judge has considerable discretion to determine whether the specific evidence is of such a nature that it falls within one of the other purposes for which the evidence may be admitted and, if it does, whether in fact it should be admitted, considering, among other things, the principles set out in Evid.R. 402 and 403. It is well established that a trial court's decision to admit evidence is an evidentiary determination within the broad discretion of the trial court and subject to review on an abuse-of-discretion standard. *E.g.*, *Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, at ¶ 66; *Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the syllabus.

**{¶ 20}** In defendant's merit brief to the appellate court, the assigned error was that "[t]he trial court abused its discretion and committed reversible error when it permitted the introduction by the state of other crimes, wrongs, or acts to show proof of appellant's character in violation of Rules of Evidence 404(B) and 403." The question presented by defendant to the appellate court was a review of an evidentiary determination: Did the trial court erroneously admit the state's proffered other-acts testimony? Defendant's argument was not whether the state's proffered other-acts testimony fit, *as a matter of law*, within an Evid.R. 404(B) enumerated category. However, it is this issue that the appellate court attempted to resolve when it applied a de novo standard of review to this matter.

**{¶ 21}** Nor have the parties presented for resolution a question of mixed law and fact, where a mixed de novo and abuse-of-discretion standard of review would be appropriate. *See, e.g.*, *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8 (appellate review of a suppression motion); *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93, 652 N.E.2d 671 (1995)

8

(appellate review of a jury instruction that contains an incorrect statement of the law).

{¶ 22} Accordingly, trial court decisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court. Appeals of such decisions are considered by an appellate court under an abuse-of-discretion standard of review. To the extent that the appellate court reviewed de novo a trial court decision as to whether certain evidence was admissible, the appellate court erroneously departed from a well-established principle.

### III. Conclusion

{¶ 23} Having reviewed the arguments and the record in this case, we conclude that an appellate court is to apply an abuse-of-discretion standard of review when considering an assignment of error that claims that the trial court improperly admitted evidence of other acts to prove the character of a person in order to show action in conformity therewith, in violation of Evid.R. 404(B). This matter is remanded to the appellate court with instructions to apply an abuse-of-discretion standard and, if appropriate, for consideration of defendant's remaining assigned errors, which the appellate court initially determined to be moot.

{¶ 24} Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

_____

Dean Holman, Medina County Prosecuting Attorney, and Matthew Kern, Assistant Prosecuting Attorney, for appellant.

David C. Sheldon, for appellee.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer and Daniel T. Van, Assistant Prosecuting Attorneys, urging reversal for amicus curiae Cuyahoga County Prosecutor's Office.

Paul A. Dobson, Wood County Prosecuting Attorney, and David E. Romaker Jr., Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

_____