[Cite as *State v. Barnett*, 2015-Ohio-224.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

**STATE OF OHIO,**

      **PLAINTIFF-APPELLEE,**                **CASE NO. 2-13-26**

      **v.**

**ROBBY B. BARNETT,**                    **O P I N I O N**

      **DEFENDANT-APPELLANT.**

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2013-CR-55**

**Judgment Affirmed**

**Date of Decision:   January 26, 2015**

**APPEARANCES:**

      *Valerie Kunze* **for Appellant**

      *R. Andrew Augsburger*  **for Appellee**

**WILLAMOWSKI, J.**

### *A.      Introduction*

**{¶1}** Defendant-appellant, Robby B. Barnett ("Barnett"), brings this appeal from the judgment of the Common Pleas Court in Auglaize County, Ohio, which entered his conviction after a jury found him guilty of involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A); illegal manufacture of drugs, a felony of the second degree in violation of R.C 2925.04(A),(C)(3)(a); and illegal assembly or possession of chemicals for manufacture of drugs, a felony of the third degree in violation of R.C. 2925.041(A).  Upon merger, the trial court sentenced Barnett to ten years in prison on involuntary manslaughter charge only.  Barnett now appeals, challenging the trial court's admission of evidence at the jury trial and raising a claim of ineffective assistance of counsel.  For the reasons that follow, we affirm the trial court's judgment.

### *B.  Relevant Facts and Procedural History*[1]

**{¶2}** On May 4, 2011, shortly before midnight, there was a fire in Auglaize County in a trailer belonging to one Jeff Aldrich ("Aldrich").  (Jury Trial Tr. at 180.)  When the emergency personnel arrived, Aldrich was found dead on his couch.  (Tr. at 186-188.)  An investigation led the police to Barnett.  (Tr. at 852-853, 865.)  On May 17, 2011, upon a search of Barnett's residence located in

---

[1] The factual and procedural history of the case is significantly reduced in this opinion and includes only the information necessary to resolve the issues presented on appeal.

Logan County, the police found and seized evidence of drug manufacturing. (Tr. at 550-560; State's Ex. 136-149.) The items found were consistent with cooking methamphetamine and were similar to items found in Aldrich's trailer. (Tr. at 550-560; 735-738; , 896-898.) Additionally, the residence bore signs of a prior fire or fires. (*Id.*; Ex. 137-142, 171; 669-671.) Based on the evidence found in Barnett's apartment, on September 13, 2011, charges were filed against him in Logan County for illegal assembly or possession of chemicals for the manufacture of drugs, illegal manufacture of drugs, and possession of drugs. *See State v. Barnett*, 3d Dist. Logan No. 8-12-09, 2013-Ohio-2496, ¶ 2 (June 17, 2013). Those charges were based on Barnett's actions in Logan County and did not directly relate to the Auglaize County fire in Aldrich's trailer. *See id.* Although we are not reviewing the Logan County case at this point, the issues before us require that we mention it.

{¶3} On February 26, 2013, Barnett was charged in the current case. The indictment alleged that on May, 4, 2011, in Auglaize County, Ohio, Barnett caused the death of another as a proximate result of committing or attempting to commit a felony. (R. at 1, Indictment.) It further alleged that Barnett possessed chemicals for the manufacture of methamphetamine and engaged in illegal manufacture of methamphetamine on the same date in Auglaize County. (*Id.*) These charges were connected to the fire in Aldrich's residence in Auglaize County on May 4, 2011. (R. at 56, State's Resp. Def.'s Req. for Bill of

Particulars.) In particular, the State alleged that the fire at Aldrich's residence, which resulted in Aldrich's death, was caused by the illegal manufacturing of methamphetamine in which Barnett participated on May 4, 2011. (*Id.*)

{¶4} Barnett pled not guilty and the matter was scheduled for a jury trial. The trial court appointed attorney Gerald Siesel ("attorney Siesel") from the Auglaize County Public Defender's Office as Barnett's defense counsel. (R. at 16.) On August 22, 2013, Barnett filed a motion in limine, requesting that the State be prevented "from introducing into evidence at trial testimony of prior and/or similar acts of the Defendant resulting from the search of defendant's former residence * * * [in] Logan County, Ohio, pursuant to a warrant to search issued on May 17, 2011."[2] (R. at 184.) Barnett alleged "that the admission of this evidence as 'other prior and/or similar acts' " would violate Ohio Evid.R. 402, 403, and 404(B), as well as his due process right, the United States Constitution, and the Ohio Constitution. (*Id.*) The trial court conducted hearings on the matter and denied the motion. (R. at 211, J. Entry, Sep. 10, 2013.) The trial court found that

> [t]he evidence is relevant pursuant to Evidence Rule 403, and for the most part is not really "other act" testimony but is circumstantial evidence of the Defendant's involvement in the instant acts. * * * [E]vidence of his possession of materials to make methamphetamine

---

[2] Barnett further requested that the State "be prevented from presenting in its case in chief at trial in this matter evidence relating to the Defendant's conviction for assembly/possession of chemicals used in the manufacture of methamphetamines * * * in the Logan County Common Pleas Court, Case No. CR-11-08-0157." (R. at 184.) The State indicated that it would not use evidence of the conviction at trial (Pending Mot. Hr'g at 8), and no assignment of error is raised with respect to that.

is relevant to the charges, as well as evidence of prior fires within his other property in Logan County goes to show scienter of the volatile nature of cooking methamphetamine. Even if a portion of the testimony is considered "other act" evidence, the testimony is relevant as being within "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" with Evid.R. 404(B).

(*Id.*)

**{¶5}** The jury trial started on September 16, 2013, and lasted five days. The jury found Barnett guilty of all counts in the indictment and this appeal followed.

### C. Assignments of Error

**{¶6}** Through his counsel, Barnett raised the following assignment of error, which we label as the first assignment of error.

### First Assignment of Error

**Robby Barnett's due process and fair trial rights were violated when the trial court allowed the State to present unrelated and prejudicial evidence about his home in Logan County. Ohio Evidence Rules 403 and 404(B), R.C. 2945.59, Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.**

**{¶7}** After the briefs with respect to this assignment of error had been filed by both parties, Barnett submitted a supplemental brief, raising an additional assignment of error pro se. We authorized the supplemental brief, and we consider this pro se issue, which we label as the second assignment of error.

*Second Assignment of Error*

**INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, PURSUANT TO STRICKLAND V. WASHINGTON, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)].**

*D. Law and Analysis*

*First Assignment of Error—Other Acts Evidence*

**{¶8}** Barnett's first assignment of error challenges admissibility of the evidence. In order for evidence to be admissible it must be relevant. Evid. R. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. Generally, "[a]ll relevant evidence is admissible." Evid. R. 402. This general principle has several exceptions, which are encompassed in Evid.R. 402, 403, and 404. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 11-12. As applicable to this appeal, Evid.R. 404(B) provides, in pertinent part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ohio Evid. R. 404. The Ohio Supreme Court explained this rule as follows

> Evid.R. 404 codifies the common law with respect to evidence of other acts of wrongdoing. *State v. Lowe,* 69 Ohio St.3d 527, 530, 634 N.E.2d 616 (1994). The rule contemplates acts that may or may not be similar to the crime at issue. *State v. Broom,* 40 Ohio St.3d 277, 282, 533 N.E.2d 682 (1988). If the other act is offered for some

> relevant purpose other than to show character and propensity to commit crime, such as one of the purposes in the listing, the other act may be admissible. *Id.* Another consideration permitting the admission of certain other-acts evidence is whether the other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment" and are "inextricably related" to the crime. *State v. Curry,* 43 Ohio St.2d 66, 73, 330 N.E.2d 720 (1975). *See also Broom* at 282, 533 N.E.2d 682.

*Morris* at ¶ 13. Therefore, although Evid.R. 404(B) "precludes admission of evidence of crimes, wrongs, or acts offered to prove the character of an accused to demonstrate conforming conduct, * * * it affords the trial court discretion to admit other acts evidence for any other purpose." *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 2 (2012). The Supreme Court noted that the discretion afforded by Evid.R. 404(B) to the trial court is "broad." *Id.* at ¶ 17.

{¶9} Barnett alleges that the trial court erred when it "allowed the State to present unrelated and prejudicial evidence about his home in Logan County" at his trial in Auglaize County. (App't Br. at 5.) Of note, this assignment of error does not relate to the Logan County criminal case.[3] Rather, the focus is on the evidence from Barnett's home, which suggested his involvement in manufacturing methamphetamine. (*See id.* at 7.) In particular, the challenges on appeal refer to the evidence of drug manufacturing found in Barnett's residence in Logan County, testimony about prior fires in his residence, and photographs of the inside of his residence, showing evidence of drug manufacturing. (App't Br. at 3-4.) Barnett

---

[3] *See* our comment in fn. 2 above.

asserts that this evidence violated Evid.R. 404(B), because it was used for an impermissible purpose of showing that Barnett must have cooked methamphetamine in Auglaize County because he "did the same thing in Logan County." (App't Br. at 7.)

{¶10} We review the trial court's decision to admit evidence under the abuse of discretion standard and will not reverse its judgment unless it "lacks a 'sound reasoning process.' " *Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, at ¶ 14 , quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Applying this standard, we give deference to the trial court's conclusions and reject Barnett's assertions that the trial court abused its discretion in the instant case.

{¶11} This case hinged upon proving that Barnett was cooking methamphetamine in Aldrich's trailer on May 4, 2011. The trial court determined that the evidence found in Barnett's apartment was a circumstantial evidence that linked him to methamphetamine production in Aldrich's trailer. Barnett's possession of materials to make methamphetamine was not used at this trial to show that he manufactured methamphetamine *in Logan County*. Rather, the evidence found in his apartment, consistent with the evidence found in Aldrich's trailer, was probative of a finding that Barnett was involved in methamphetamine production in Aldrich's trailer *in Auglaize County*. (*See* Tr. at 550-560, 668-671, 735-738, 896-901; *see also* Ex. 136-149.) The mere fact that the same evidence

was used to prove a case in Logan County does not make it impermissible other act evidence.

**{¶12}** The trial court found that even if the testimony about Barnett's Logan County home fell under the scope of "other acts" evidence of Evid.R. 404(B), it was admissible within its exception, which allows such testimony if it is within "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (R. at 211, quoting Evid.R. 404(B).) This finding is supported by the record and it is not so unreasonable as to "create[] material prejudice" to Barnett. *See Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, at ¶ 14.

**{¶13}** The evidence collected in Barnett's residence in Logan County showed that similar drug manufacturing tools were found in both places: Barnett's apartment and Aldrich's trailer. (*See* Tr. at 550-560, 735-738, 896-898; *see also* Ex. 136-149.) Additionally, evidence of prior fires, consistent with fires caused by illegal manufacture of methamphetamine was found. (Tr. at 668-671.) These similarities found in both places made more probable the fact that the same person cooked methamphetamine in both places. Thus, this evidence was relevant to showing identity, or a similar modus operandi, a permissible purpose under Evid.R. 404(B). *State v. Lowe*, 69 Ohio St.3d 527, 531, 1994-Ohio-345, 634 N.E.2d 616 (1994) ("Other acts may also prove identity by establishing a *modus operandi* applicable to the crime with which a defendant is charged.").

" 'Other acts' may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." *State v. Smith* (1990), 49 Ohio St.3d 137, 141, 551 N.E.2d 190, 194. While we held in *Jamison* that "the other acts need not be the same as or similar to the crime charged," *Jamison,* syllabus, the acts should show a *modus operandi* identifiable with the defendant. *State v. Hutton* (1990), 53 Ohio St.3d 36, 40, 559 N.E.2d 432, 438.

A certain *modus operandi* is admissible not because it labels a defendant as a criminal, but because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator. Other-acts evidence is admissible to prove identity through the characteristics of acts rather than through a person's character. To be admissible to prove identity through a certain *modus operandi,* other-acts evidence must be related to and share common features with the crime in question.

*Id.* at 531.

{¶14} Barnett contends that the items found in his apartment and in Aldrich's trailer were "not unique to Mr. Barnett's Logan County home or Mr. Aldrich's trailer," and for that reason, they were not sufficient to constitute a "behavioral fingerprint" under *Lowe*. (Reply Br. at 2) Yet, the modus operandi exception does not require unique items; rather, it applies to "acts forming a unique, identifiable plan of criminal activity." *Lowe* at 531, quoting *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990), syllabus. Thus, in *Jamison*, the Ohio Supreme Court found the same modus operandi although the acts performed by the defendant were not unique, and not even identical to the crime in question, because in spite of certain differences, "[t]he acts remained probative as

to identity." *Jamison* at 186-187. "Other-acts evidence need be proved only by substantial proof, not proof beyond a reasonable doubt." *Id.* at 187, citing *State v. Carter*, 26 Ohio St.2d 79, 83, 269 N.E.2d 115 (1971). We do not find abuse of discretion in the trial court's finding that the test for modus operandi was satisfied because the items found in Barnett's apartment and the evidence of fires sufficiently resembled those found in Aldrich's trailer. Therefore, they satisfy the "substantial proof" requirement by sharing "common features with the crime in question." *Lowe* at 530, 531.

**{¶15}** Barnett takes issue with the fact that the trial court did not conduct a written prejudice analysis in its journal entry. He quotes the Ohio Supreme Court's decision, where a three-part analysis for admissibility of other acts evidence was outlined as follows:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

*Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20. Barnett demands reversal of his conviction alleging that he was prejudiced because four

witnesses testified "about the contents of his Logan County home," which disclosed other-acts evidence.   (App't Br. at 8.)

**{¶16}** We first note that in order to warrant exclusion of evidence, its probative value must be "*substantially* outweighed by the danger of *unfair* prejudice, of confusion of the issues, or of misleading the jury."   (Emphasis added.)  Evid. R. 403.  As the Ohio Supreme Court explained:

> " 'Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word "unfair." Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect.' "

*State v. Crotts*, 104 Ohio St.3d 432, 437, 2004-Ohio-6550, 820 N.E.2d 302, ¶ 24 (2004), quoting *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 2001-Ohio-248, 743 N.E.2d 890 (2001).

**{¶17}** We do not find that any *unfair* prejudice *substantially* outweighed the probative value of the evidence in this case.  The trial court gave specific limiting instructions to the jury, explaining that they were not allowed to use the testimony about "potential commission of other acts other than the offenses with which the Defendant is charged in this trial" for a finding that Barnett "acted in

conformity or in accordance" with those acts. (Tr. at 889.) The trial court explained,

> If you find that the evidence or [sic] other acts is true and the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, the Defendant's motive, opportunity, intent, purpose, preparation or plan to commit the offense charged in this trial, knowledge of circumstances surrounding the offense charged in this trial, the identity of the person who committed the offense in this trial, but that evidence cannot be considered for any other purpose.

(Tr. at 899-900.) In *Williams*, *supra*, at ¶ 24, the Ohio Supreme Court held that where the trial court instructed the jury that the evidence could not be used for impermissible propensity findings, the defendant was not unduly prejudiced.

**{¶18}** For the foregoing reasons, we hold that the trial court did not abuse its discretion when it allowed the State to present evidence about Barnett's home in Logan County. The first assignment of error is thus overruled.

### *Second Assignment of Error—*
### *Ineffective Assistance of Trial Counsel*

**{¶19}** In this pro se assignment of error Barnett complains about attorney Siesel's representation at trial, alleging that he provided ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must first show that the counsel's performance was deficient in that it fell "below an objective standard of reasonable representation." *State v. Keith*, 79 Ohio St.3d 514, 534, 684 N.E.2d 47 (1997). Second, the defendant must show "that the deficient performance prejudiced the defense so as to deprive the

- 13 -

defendant of a fair trial." *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to demonstrate prejudice, the defendant must prove a reasonable probability that the result of the trial would have been different but for his or her counsel's errors. *Id.* In applying these standards, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 108, quoting *Strickland* at 669. Therefore, the court must be highly deferential in its scrutiny of counsel's performance. *State v. Walker*, 90 Ohio App.3d 352, 359, 629 N.E.2d 471 (3d Dist.1993), quoting *Strickland* at 689.

{¶20} Barnett's complaints include several instances of the alleged failure to impeach State's witnesses for prior inconsistent statements (*see* Supplemental Br. at 2), failure to call additional alibi witnesses (*see id.* at 3-4), and failure to prevent playing of the recorded police interview in which Barnett allegedly made incriminating statements (*see id.* at 5). We first note that Barnett failed to support his allegations in this assignment of error with references to "the place in the record where each error is reflected," as required by App.R. 16(A)(3). The Supplemental Brief filed by Barnett includes some attachments, which appear to be excerpts from a transcript or transcripts. These pages are not certified or authenticated and we are unable to determine what they represent. Furthermore, they do not appear to be a part of the trial record and no application to supplement

the record has been made. Therefore, we cannot consider these attachments in resolving the issues on appeal. *See State v. Zhovner*, 2013-Ohio-749, 987 N.E.2d 333, ¶ 11 (3d Dist.) ("Evidence not made part of the record that is attached to an appellate brief cannot be considered by a reviewing court."); *State v. Grant*, 10th Dist. Franklin Nos. 12AP–650, 12AP–651, 2013-Ohio-2981, ¶ 12 (July 9, 2013) ("An exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal.").

**{¶21}** We proceed to review Barnett's claim of ineffective assistance of counsel based on the record properly before us. The burden is on the defendant to establish a claim of ineffective assistance of counsel and Barnett fails to satisfy this burden so as to rebut the strong presumption that his trial counsel's performance fell within the wide range of reasonable professional assistance. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Robinson*, 108 Ohio App.3d 428, 431, 670 N.E.2d 1077 (3d Dist.1996).

**{¶22}** There is no support in the record for Barnett's claims that the State's witnesses made prior inconsistent statements. Therefore, we cannot find that attorney Siesel's performance fell below an objective standard of reasonable representation for failure to impeach those witnesses. While Barnett claims that his trial counsel failed to call two defense witnesses who would have provided an alibi, the trial transcript shows the following colloquy with the trial court:

- 15 -

> THE COURT:    Mr. Barnett, your attorney has talked to you about your option and your right to testify or right to remain silent.
>
> ROBBY BARNETT:    Yes, sir.
>
> THE COURT:    And he has indicated you're not going to be calling any additional witnesses, including yourself; is that correct?
>
> ROBBY BARNETT:    That's correct.
>
> THE COURT:    And that is your free and voluntary decision?
>
> ROBBY BARNETT:    That's correct.

(Tr. at 1051-1052.)  The record indicates that it was Barnett's decision not to call additional witnesses.

{¶23} We find no merit in an allegation that due to the counsel's ineffectiveness, the jury was allowed to hear incriminating evidence from the recorded police interview that prejudiced Barnett so as to deprive him of a fair trial.  While part of a recorded police interview was admitted in the record, it did not include any prejudicial incriminating statements.  The record discloses that Mr. Siesel did object to playing the recorded interview in front of the jury (Tr. at 875-879, 885-886), and that the only part of the interview that was played included Barnett's statements regarding *not* being in Aldrich's trailer at or around the time of the fire.

**{¶24}** Furthermore, we do not find the second element of the *Strickland* test for ineffective assistance of counsel to be satisfied, where Barnett's brief merely speculates that the jury "may have discarded" [sic] the witnesses' testimony "and either acquitted defendant or entered a lesser included offense." (Supplemental Br. at 3; *see also id.* at 5.) The standard for prevailing on the claim of ineffective assistance of counsel is "a reasonable probability," not a mere speculation, that the result of the trial would have been different.

**{¶25}** Accordingly, Barnett has failed to sustain his burden of showing deficiency in the trial counsel's performance and a reasonable probability that the result of the trial would have been different. Therefore, we reject Barnett's assertion that his trial counsel was ineffective and we overrule the second assignment of error.

### *E. Conclusion*

**{¶26}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court in Auglaize County, Ohio is therefore affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**