[Cite as *Lynn v. Schulte*, 2015-Ohio-5527.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| LARRY LYNN, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2015-A-0017** |
| | | **2015-A-0026** |
| DANA SCHULTE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CV 151.

Judgment: Reversed and remanded.

*Larry Lynn,* pro se, 4243 Harper Street, Perry, OH 44081 (Plaintiff-Appellant).

*Christopher M. Newcomb,* Christopher M. Newcomb, Esq., LLC, 213 Washington Street, Conneaut, OH 44030 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Larry Lynn, appeals the judgment of the Ashtabula County Court of Common Pleas, finding in favor of defendant-appellee, Dana Schulte, for breach of contract. The issues before this court are whether a determination that a party has materially breached a contract is nullified where the non-breaching party subsequently enters into a purportedly illegal contract with a third party in mitigation of the breach, and whether a trial court may award, as damages for breach of contract, the costs of hiring a third-party to complete the contract without considering the original

contract price. For the following reasons, we reverse the decision of the lower court with respect to damages and remand this matter with instructions for the court to award damages in a manner consistent with this opinion.

{¶2} On February 1, 2013, Lynn filed a Small Claims Complaint against Schulte in Ashtabula Municipal Court, Small Claims Division, seeking judgment in the amount of $3,000 for "labor and materials provided at 1636 West 8th Street, Ashtabula."

{¶3} On February 21, 2013, Schulte filed an Answer and Counterclaims, seeking judgment in excess of $15,000 for Breach of Contract, Negligence, Slander of Title, and Fraudulent Inducement.

{¶4} On February 25, 2013, the case was transferred to the Ashtabula County Court of Common Pleas.

{¶5} On September 18, 2014, the case was tried before a magistrate.

{¶6} On December 4, 2014, a Magistrate's Decision was issued. The following findings were made by the magistrate:

> Defendant is the owner of residential rental property located at 1636 West 8th Street in Ashtabula, Ohio. On September 13, 2010, the Ohio Department of Health ("ODH") conducted a public health lead risk assessment at Defendant's property, whereupon hazards related to lead paint were discovered. Defendant received an order from the ODH dated October 21, 2010 which detailed the work necessary to abate the hazard. * * * The order demanded that the hazard be abated within 90 days, and specified that the work was to be done by individuals who had been properly trained and/or

2

certified in lead abatement. The parties entered into a one-page contract * * *, dated September 28, 2011. * * * The contract listed [six] tasks which Plaintiff was to perform in order to bring the residence into compliance with the ODH order. * * * The parties originally agreed that Defendant would provide the new windows and doors, and agreed on a total contract price of $7,500.00. However, this term was changed to $10,000.00 when it was agreed that Plaintiff would provide the new windows and doors. On the contract signed by the parties, the original contract price of $7,500.00 is crossed off and the new $10,000.00 price is handwritten above it. The contract called for three (3) equal payments, an initial payment of $2,500.00, a second $2,500.00 payment upon completion of items 1-4 [listed in the contract], and a third $2,500.00 payment when all of Plaintiff's obligations under the contract had been performed. Despite the payment plan set forth in the written contract, which the parties opted not to amend, both parties testified that Defendant's initial payment to Plaintiff was $5,000.00. * * * Plaintiff and his Son, Levi Lynn, testified that at some point they completed all the work set forth in items 1-4 above. Both parties testified that when Plaintiff felt he had completed items 1-4, he demanded further payment. * * * Defendant refused to pay Plaintiff any additional funds because Plaintiff did not complete items 1-4 prior to demanding further payment. Plaintiff refused to

3

perform any more work under the contract until he received further payment. Defendant testified that because the work set forth in the ODH order dated October 21, 2010 * * * was not completed within the specified 90 days, he received from the ODH a Notice of Noncompliance and Order to Vacate dated February 10, 2012. Defendant then contacted the Health Department, advising them of the situation with Plaintiff. An ODH inspector then came to the residence, met with general contractor and project manager, Jason Hamilton, and advised Hamilton as to the work which needed to be done in order to comply with the October 21, 2010 order. Mr. Hamilton is not licensed or trained in lead abatement, but completed the work under the guidance and direction of the ODH inspector. Mr. Hamilton submitted a bill to Defendant for the work completed. * * * The ODH conducted a clearance examination, and Defendant received an ODH Notice of Compliance dated March 13, 2012 * * * indicating that the hazards set forth in the initial October 21, 2010 order * * * had been abated. * * * [U]pon weighing the credibility and weight of the evidence presented, the Magistrate does not find that Plaintiff completed the work set forth under items #3 and 4 of the contract prior to demanding additional payment. * * * The evidence dictates that Defendant is entitled to compensation from Plaintiff for funds paid to Jason Hamilton for the

4

completion of Plaintiff's contractual obligations, and for any rent lost due to Plaintiff's breach of contract.

**{¶7}** On December 24, 2014, Lynn filed objections to the Magistrate's Decision.

**{¶8}** On January 5, 2015, the trial court dismissed the objections as untimely, inadvertently citing Civil Rule 53(D)(2)(b), which pertains to magistrate's orders.

**{¶9}** On January 23, 2015, Lynn asked the trial court to review the timeliness of his objections.

**{¶10}** On January 29, 2015, the trial court overruled Lynn's request, construed as a motion for reconsideration.

**{¶11}** On March 13, 2015, Lynn filed a Notice of Appeal from the January 29, 2015 Judgment Entry and the December 4, 2014 Magistrate's Decision, assigned Court of Appeals No. 2015-A-0017.

**{¶12}** On March 17, 2015, a hearing was held on damages before the trial court.

**{¶13}** On March 18, 2015, the trial court awarded Schulte "the sum of $3,846.26 for attorney fees; $5,200.00 for monies paid to Jason Hamilton to complete the job that the Plaintiff was originally supposed to perform; the sum of $4,800.00 for lost rent; and the sum of $365.00 for the final lead inspection."

**{¶14}** On April 17, 2015, Lynn filed a Notice of Appeal from the March 18, 2015 Judgment Entry and the December 4, 2014 Magistrate's Decision, assigned Court of Appeals No. 2015-A-0026.

**{¶15}** On May 5, 2015, this court consolidated the appeals "for purposes of briefing, oral argument, and disposition."

**{¶16}** On appeal, Lynn raises the following assignments of error:

{¶17} "[1.] The trial court committed prejudicial error in granting defendant-appellees' DANA SCHULTE favorable judgment based on the conclusion that his handyman, JASON HAMILTON, could somehow go around the laws of the STATE OF OHIO DEPARTMENT OF HEALTH (otherwise known as ODH) and perform [the] work of a Licensed Lead Abatement Contractor without having the proper Lead Abatement License nor the proper training to do so."

{¶18} "[2.] The trial court committed prejudicial error in granting defendants-appellees' request for reimbursement of loss of rent (8 months x 600.00 per month or 4800.00) and for claimed wages paid to the handyman (in the amount of 5200.00) for work that had nothing at all in common with the contract between plaintiff and defendant."

{¶19} As an initial matter, we note that this court's ability to consider Lynn's arguments is limited by his failure to file timely objections to the Magistrate's Decision and failure to provide a transcript of the March 17, 2015 hearing on damages.

{¶20} "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." App.R. 9(B)(4). "[I]t is the obligation of the appellant to make reasonable arrangements to ensure that the proceedings the appellant considers necessary for inclusion in the record * * * are transcribed * * *." App.R. 9(B)(1).

{¶21} The Rules of Civil Procedure provide that the failure to file objections to a magistrate's decision results in the waiver of the right to assign its adoption by the trial

6

court as error on appeal: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶22} In his first assignment of error, Lynn contends that the magistrate erred in determining that Jason Hamilton could perform lead abatement work without being licensed: "Not only did the handyman, Mr. Hamilton, neither qualify nor perform the work of the Licensed Abatement Contractor on the job, but it would have been illegal for him to attempt such." Appellant's brief at 3. *See* R.C. 3742.02(B) ("[n]o person shall knowingly authorize or employ an individual to perform lead abatement on a residential unit * * * unless the individual who will perform the lead abatement holds a valid license issued under section 3742.05 of the Revised Code") and (C)(5) ("[n]o person shall * * * [p]erform lead abatement without a valid lead abatement worker license issued under section 3742.05 of the Revised Code").

{¶23} Lynn's argument fails to identify a reversible error in the Magistrate's Decision. Assuming, arguendo, that it was illegal for Schulte to employ Hamilton to perform lead abatement work, that fact has no bearing on whether Lynn materially breached the terms of the contract he entered into with Schulte. Primary responsibility for the enforcement of Ohio's lead abatement statutes resides with the director of health. R.C. 3742.15 (complaints to the director of health); R.C. 3742.18 (the director of health may request that civil action be taken); R.C. 3742.99 (the director of health may request that criminal action be taken).

{¶24} The first assignment of error is without merit.

**{¶25}** In his second assignment of error, Lynn contends that the trial court erred in awarding $4,800 for lost rent and $5,200 to have Hamilton complete the work. Lynn maintains it was impossible for Schulte to have lost eight months of rent at $600 per month, when the initial contract was entered into in September 2011 and Schulte received a favorable Clearance Examination Report in February 2012. Lynn further notes that the invoice for services submitted by Hamilton was not signed, dated, or properly itemized.

**{¶26}** Lynn's arguments must necessarily fail because they rely on evidentiary materials outside of the record on appeal, i.e., documents attached to his appellate brief. These documents, which appear to be evidentiary exhibits, are not included in the record inasmuch as the transcript of the hearing on damages was neither transcribed nor filed. Such exhibits are to be filed with the transcript of the proceedings. App.R. 9(A)(1) and (B)(6)(g). Attaching evidentiary exhibits to the appellate brief does not make them part of the record on appeal and, thus, subject to consideration in determining the merits of the appeal. *Jefferson Golf and Country Club v. Leonard*, 10th Dist. Franklin No. 11AP-434, 2011-Ohio-6829, ¶ 10 ("[e]xhibits solely appended to appellate briefs are not properly part of the record, do not augment the record, and may not be considered by us in the determination of an appeal") (cases cited); *State v. Barnett*, 3rd Dist. Auglaize No. 2-13-26, 2015-Ohio-224, ¶ 20 ("[e]vidence not made part of the record that is attached to an appellate brief cannot be considered by a reviewing court") (citation omitted).

**{¶27}** Despite the lack of a transcript of the hearing on damages in the record, the trial court's award of damages is deficient on its face.

**{¶28}** The trial court awarded Schulte "$5,200.00 for monies paid to Jason Hamilton to complete the job that the Plaintiff was originally supposed to perform." As determined by the magistrate, the total contract price was $10,000 and Schulte had paid Lynn $5,000. The proper measure of damages for a contractor's breach in these circumstances "is the cost of completing the work minus the unpaid part of the contract price." *ABLE Roofing v. Pingue*, 10th Dist. Franklin No. 10AP-404, 2011-Ohio-2868, ¶ 24 (cases cited). Damages, representing the cost to Schulte of completing work under the contract, "must be reduced by the amount withheld by [Schulte] (i.e., the unpaid portion of the contract price) to avoid a windfall to [Schulte] in receiving the benefit of the bargain." *Id.* Here, the record fails to indicate that the cost of completing the work was offset by the unpaid portion of the contract price.

**{¶29}** The second assignment of error is with merit to the extent indicated above.

**{¶30}** For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas determining the amount of damages for Lynn's breach of contract is reversed and this matter is remanded with instructions for the trial court to enter a new entry on damages that offsets the cost of completing the work under the contract by the unpaid portion of the contract price. Costs to be taxed against the appellee.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9