[Cite as *Tax Ease Ohio, L.L.C. v. Hosseinipour*, 2021-Ohio-2848.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TAX EASE OHIO, LLC | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 20 CAE 08 0032 |
| MORTEZA HOSSEINIPOUR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                            Pleas, Case No.  17 CV E 01 0041


JUDGMENT:                                          Affirmed


DATE OF JUDGMENT ENTRY:          August 18, 2021


APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

DAVID BRADY                                        MORTEZA HOSSEINIPOUT
SUZANNE GOODENSWAGER              PRO SE
AUSTIN BARNES III                               3883 Habitat Drive
MARK SCHONHUT                                 Columbus, Ohio  43228
JEFFEREY PANEHAL
1213 Prospect Avenue, Suite 300
Cleveland, Ohio  441115

*Wise, John, P. J.*

**{¶1}** Appellant Morteza Hosseinipour, appeals from the July 23, 2020 Judgment Entry by the Delaware County Court of Common Pleas. Appellee is Tax Ease Ohio, LLC. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On December 8, 2006, Appellant and Ellysse Yuan, purchased property located at 4625 Seldom Seen Road in Delaware County, Ohio ("disputed property") for investment purposes.

**{¶3}** On July 9, 2007, Rekha Kanna agreed to buy Ellysse Yuan's interest in the disputed property. Kanna's understanding of the agreement was that she would be responsible only for an initial investment of $55,000. Appellant believed that Kanna was also responsible for one half of all expenditures made by Appellant, and when the disputed property sold, they would split the proceeds one half to Appellant and one half to Kanna.

**{¶4}** On October 2, 2012, Kanna filed a civil suit against Appellant for fraud.

**{¶5}** On October 1, 2014, the trial court found no fraud occurred, that a fifty-fifty partnership existed, that both Kanna and Appellant are responsible for one half of the expenses paid by Appellant, and upon sale, the proceeds shall be paid in this priority: court costs, cost of sale, accrued real estate taxes, one half of all expenses Appellant paid since July 9, 2007, related to the disputed property, and the excess split one half to Appellant and one half to Kanna. *Kanna v. Hosseinipour*, Del. Co. Ct. of Com. Pl., 12 C H 10 1165 (October 1, 2014).

**{¶6}** On January 7, 2020, the disputed property was sold at auction.

{¶7} On March 3, 2020, the trial court ordered all interested parties should file notices of claims for remaining excess funds of $59,401.72.

{¶8} On June 1, 2020, Kanna filed her notice for one half of the remaining excess funds.

{¶9} On June 16, 2020, Appellant filed notice claiming $38,050.44 for reimbursement of expenses plus one-half share of the remaining excess funds.

{¶10} On June 17, 2020, Appellee filed notice claim $885.10 of accrued interest from the remaining excess funds.

{¶11} On June 26, 2020, the trial court issued a judgment entry finding that the remaining excess funds are subject to the 2014 judgment entry that the proceeds shall be paid in the following order:

1. Court costs.

2. Cost of sale.

3. Accrued real estate taxes.

4. To [Appellant], ½ of all expenses over and above the expenses itemized in Exhibit 3 incurred after July 9, 2007. Said expenses shall have been paid for upkeep and renovations to the 4625 Seldom Seen Road property and evidenced by cancelled checks made payable to supplier and/or signed receipts and/or paid invoices. The evidence must establish the sums were for renovations to the said property. (Each party is responsible for ½ of all expenses except those addressed in paragraph 6 above which are the obligation of the Defendant.)

5. The balance of the sales proceeds shall be split equally 50/50.

*Kanna v. Hosseinipour*, Del. Co. Ct. of Com. Pl., 12 C H 10 1165 (October

1, 2014).

**{¶12}** On July 14, 2020, Kanna filed a Memorandum Contra to Defendant's Notice of Claim to Access Surplus Funds claiming Appellant's submitted expenses did not comply with the 2014 judgment entry.

**{¶13}** On July 15, 2020, Appellant replied asking the trial court to allow any contested funds be determined by a magistrate alleging Appellant could refute Kanna's claims.

**{¶14}** On July 23, 2020, the trial court issued a final judgment entry order the remaining excess funds to be dispersed for $885.10 to Appellee, with the rest to be split one half to Appellant and one half to Kanna.

**{¶15}** On August 19, 2020, Appellant filed a Notice of Appeal.

**{¶16}** Appellant filed a series of Motions for Extension of Time to File Appeal Brief.

**{¶17}** This Court granted Appellant's Motions.

**{¶18}** On March 3, 2020, Appellant filed his Merit Brief.

**{¶19}** On October 22, 2020, this Court granted Appellant's Motion.

**{¶20}** On March 8, 2021, Appellant filed his Merit Brief. No transcripts were requested and no transcripts were filed.

**{¶21}** Kanna was granted two filing extensions, but did not file a brief.

**ASSIGNMENT OF ERROR**

**{¶22}** Appellant raised the following Assignment of Error:

**{¶23}** "I. THE LOWER COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT DID NOT HAVE ANY REMAINING INTEREST IN THE PROPERTY THAT

COULD JUSTIFY RE-OPENING THE PREVIOUS ACTION. THE LOWER COURT ALSO ABUSED ITS DISCRETION IN FINDING THAT APPELLANT DID NOT PRESENT PROOF THAT HIS ALLEGED ADDITIONAL EXPENDITURES WERE DIRECTLY CONNECTED TO THE RENOVATION OF THE SUBJECT PROPERTY. AS A RESULT OF THESE UNREASONABLE AND/OR ARBITRARY DECISIONS, THE LOWER COURT DISALLOWED APPELLANT FROM RECEIVING ANY BENEFIT FOR PRIOR EXPENSES HE HAS INCURRED IN CONNECTION WITH SUBJECT PROPERTY. THE COURT WRONGFULLY ALLOWED EQUAL DISTRIBUTION OF EXCESS FUNDS BETWEEN THE TWO CO-OWNERS."

## I.

{¶24} In Appellant's sole Assignment of Error, Appellant argues the trial court erred by finding Appellant did not present proof of expenditures directly connected with the renovation of the disputed property and did not provide Appellant an opportunity to explain the proof before ordering excess funds should be split between Appellant and Kanna. We disagree.

{¶25} The admission or exclusion of relevant evidence lies in a trial court's sound discretion. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528; *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶26} The trial court issued a Notice to Assert Claim to Excess Funds asking all interested parties to submit their claim to the funds from the sale of the disputed property.

**{¶27}** In response to the trial court's Notice to Assert Claim to Excess Funds, Kanna filed a Notice of Claim seeking the trial court to split the excess funds of $59, 401.72, evenly between Appellant and Kanna.

**{¶28}** Appellant then filed a Notice of Claim to Access Surplus funds seeking the amount of $38,050.44. The support for this amount Appellant submitted the following proof of expenditures: sixty pages of invoices for Del-Co. Water Co. bills for the disputed property without evidence of payment; eight pages of invoices from AEP Ohio without evidence of payment; seven checks either ultimately cashed by Hosseinipour himself or without evidence that the check was for expenses related to renovations of the disputed property; ten real estate tax invoices, three invoices for air compressors and a sod cutter shipped to a different property owned by Appellant and without evidence they were for the disputed property; two invoices from Anderson Concrete Corp. listing the job site as a different property; an invoice from HHS Electric without evidence of payment; a Lowe's invoice for a cabinet dated prior to July 9, 2007; and Home Depot and Lowe's receipts with no evidence the materials were used at the property.

**{¶29}** The trial court's judgment entry limited the expenses Appellant could recover for those expenses incurred after July 9, 2007, related to upkeep and renovations of the disputed property, and evidenced by cancelled checks made payable to a supplier, a signed receipt, and/or paid invoices. The expenses claimed by Appellant were not in accordance with the trial court's judgment entry dated June 26, 2020. As such, the trial court did not abuse its discretion in disallowing Appellant's proposed expenses splitting the remaining proceeds one half to Appellant and one half to Kanna.

**{¶30}** Appellant's sole Assignment of Error is overruled.

**{¶31}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/br 0816