[Cite as *State v. Lane*, 2017-Ohio-8050.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JAMES EDWARD LANE

    Appellant

C.A. No.    28438

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2016 02 0363

DECISION AND JOURNAL ENTRY

Dated: October 4, 2017

HENSAL, Presiding Judge.

{¶1}    James Lane appeals his conviction for rape in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    B.M.A., who was 12, told police that she had sex with Mr. Lane, who was 18. The Grand Jury subsequently indicted Mr. Lane for one count of rape under Revised Code Section 2907.02(A)(1)(b). At trial, the court allowed a detective to testify over objection that, when Mr. Lane was 16, he admitted digitally penetrating a girl who was 11. A jury found Mr. Lane guilty of the offense against B.M.A., and the trial court sentenced him to 10 years to life in prison. Mr. Lane has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR IN ALLOWING OTHER ACTS EVIDENCE AT TRIAL OF

APPELLANT LANE'S PRIOR JUVENILE ADJUDICATION AS A SEX OFFENDER.

{¶3} Mr. Lane argues that the trial court incorrectly allowed the State to admit "other acts" evidence, specifically, the conduct he engaged in with an 11-year-old girl while he was a juvenile. According to Mr. Lane, the trial court should not have allowed the detective to testify about those events because his identity, motive, intent, opportunity, plan, or scheme were not at issue in this case, only whether he engaged in sexual conduct with a person under 13 years of age. "[D]ecisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, syllabus. "Appeals of such decisions are considered by an appellate court under an abuse-of-discretion standard of review." *Id*.

{¶4} In support of his argument, Mr. Lane cites *State v. Morris*, 9th Dist. Medina No. 09CA0022-M, 2012-Ohio-6151, and *State v. Powell*, 8th Dist. Cuyahoga No. 99386, 2014-Ohio-2048. With respect to *Morris*, he notes that this Court determined in *Morris* that three separate instances of "other acts" evidence were inadmissible. He specifically directs us to language in *Morris* that "[e]vidence of a defendant's scheme, plan, or system in doing an act can be relevant for two reasons: (1) the other acts are part of one criminal transaction such that they are inextricably related to the charged crime, and (2) a common scheme or plan tends to prove the identity of the perpetrator." *Morris* at ¶ 18, quoting *State v. Schaim*, 65 Ohio St.3d 51, 63 (1992), fn. 11. According to Mr. Lane, the other acts evidence in this case did not serve either of those purposes so its admission was reversible error. Regarding *Powell*, he contends that it stands for the proposition that juvenile adjudications may not be used to impeach a witness.

{¶5} Mr. Lane takes the language from paragraph 18 of *Morris* out of context. The sentence begins: "According to the Ohio Supreme Court, as proof of identity, evidence * * *."

Although the language in paragraph 18 pertains to the submission of other acts evidence to prove the identity of a perpetrator, that is not the only permissible use of other acts evidence. Later in *Morris*, this Court recognized that the Ohio Supreme Court has "explained that, under Evidence Rule 404(B), 'evidence of other crimes, wrongs, or acts of an accused may be admissible to prove intent or plan, even if the identity of an accused or the immediate background of a crime is not at issue.'" *Id.* at ¶ 27, quoting *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 2. Thus, the detective's testimony about Mr. Lane's prior acts was not inadmissible merely because it did not serve to establish Mr. Lane's identity.

{¶6} The Eighth District's decision in *Powell* is also not applicable to this case. In *Powell*, the court noted that Evidence Rule 609(D) and Revised Code Section 2151.357(H) prohibit the impeachment of a witness with their juvenile adjudications. *Powell* at ¶ 43. It found that there was no error in that case, however, because Mr. Powell had voluntarily indicated that he might have a juvenile adjudication and because the State had moved onto a different line of questioning before Mr. Powell provided any details about his juvenile record. *Id.* at ¶ 46.

{¶7} In *Williams*, the Ohio Supreme Court held that Evidence Rule 404(B) "precludes the admission of evidence of other crimes, wrongs, or acts offered to prove the character of an accused in order to show that the accused acted in conformity therewith, but it does not preclude admission of that evidence for other purposes." *Williams* at syllabus. It explained that, when "considering other acts evidence, trial courts should conduct a three-step analysis." *Id.* at ¶ 19.

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative

value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.

(Internal citations omitted.) *Id*. at ¶ 20. Mr. Lane has not alleged that the detective's testimony about his conduct as a juvenile was inadmissible under *Williams*' three-step analysis, nor has he developed an argument to support such an allegation.

{¶8} We also note that, before the detective testified, Mr. Lane's trial counsel "renew[ed] [his] objection" to the other acts evidence, referring to a "brief hearing" that had occurred on the State's motion to use other acts evidence. Mr. Lane, however, did not have the court reporter prepare that part of the trial transcript. *See* App.R. 9(B)(1). "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 30. Upon consideration of Mr. Lane's arguments and review of the record, we conclude that Mr. Lane has failed to establish that the trial court exercised improper discretion when it allowed the detective to testify about sexual conduct Mr. Lane admitted committing with another girl. Mr. Lane's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Mr. Lane next argues that his conviction was against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶10} Mr. Lane notes that, although B.M.A. testified that he sent her a certain love letter, which was admitted, she was the only witness to identify his handwriting. He notes that B.M.A. was also the only one to testify that the "BML" tattoo on his hand stood for the initials she would have after they got married. Mr. Lane notes that there was no forensic analysis done on the love letter to determine whether his fingerprints or DNA was on it or in the bedroom where the alleged sexual conduct occurred. He also notes that, although B.M.A. testified that she told a friend about having sex with him, the friend did not testify. He further notes that his grandmother testified that B.M.A. only lived with them for a two week period, which preceded the date of the alleged sexual conduct by two months. His grandmother also testified that there were approximately 18 people living in the house, making it implausible that sexual conduct occurred without anyone else being aware of it. Finally, Mr. Lane asserts that the detective put undue and coercive pressure on B.M.A. when he interviewed her at the police station by falsely telling her that he already knew what had happened, making the story she came up with less plausible.

{¶11} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness.

*Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35, citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist.1993). "A conviction is not against the manifest weight because the jury chose to credit the State's version of events." *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18.

{¶12} Mr. Lane has not identified any discrepancies between B.M.A.'s testimony and what she initially told the detective about what happened, what she told a social worker two weeks later, or what she told a therapist two months after that. On the other hand, the State impeached Mr. Lane's grandmother's testimony with evidence that, despite claiming Mr. Lane never lived at her house, she had consulted with a police officer about how to evict Mr. Lane and his mother from it. Upon review of the record, we cannot say that the jury clearly lost its way when it chose to believe B.M.A.'s testimony that she and Mr. Lane engaged in sexual conduct. Mr. Lane's second assignment of error is overruled.

III.

{¶13} Mr. Lane's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.