[Cite as *State v. Baldwin*, 2014-Ohio-290.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2013CA00134 |
| CHAD R. BALDWIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                  Common Pleas, Case No. 2005CR0649


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           January 27, 2014


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellant


JOHN D. FERRERO,                  GREGORY SCOTT ROBEY
Prosecuting Attorney,             Robey & Robey
Stark County, Ohio                14402 Granger Road
                                  Cleveland, Ohio 44137
BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Chad R. Baldwin appeals the June 7, 2013 Judgment Entry entered by the Stark County Court of Common Pleas denying his motion for new trial and to vacate conviction. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On February 17, 2006, Appellant was convicted by a jury of grand theft, and the trial court imposed a sentence of sixteen months in prison. The trial court granted judicial release on April 17, 2006.

{¶3} This Court affirmed Appellant's conviction and sentence in *State v. Baldwin,* Stark App. No. 2006CA00076, 2007-Ohio-3511.

{¶4} On November 18, 2008, Appellant filed a motion for new trial alleging newly discovered evidence. Specifically, Appellant alleged newly discovered evidence as a result of a Federal law suit involving his former employer. After a hearing, the trial court denied the motion. This Court affirmed the denial of the motion for new trial in *State v. Baldwin*, Stark App. No. 2009CA00186, 2010-Ohio-3189.

{¶5} Appellant filed a second motion for new trial alleging newly discovered evidence and misconduct on the part of a witness for the State. The trial court overruled the motion for new trial. This Court again affirmed the trial court's denial of the motion for new trial in *State v. Baldwin,* Stark App. No. 2010CA00330, 2011-Ohio-3205.

{¶6} On May 6, 2013, Appellant filed separate motions to vacate his conviction for grand theft and for a new trial.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶7}** Via Judgment Entry of June 7, 2013, the trial court overruled the motions for new trial and for vacation of his conviction.

**{¶8}** On July 1, 2013, Appellant filed a request for 120 day order of unavoidable prevention and motion for reconsideration. Said motions remain pending before the trial court.

**{¶9}** Appellant now appeals, assigning as error:

**{¶10}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY OVERRULING APPELLANT'S MOTION FOR NEW TRIAL WITHOUT A HEARING.

**{¶11}** "II. THE TRIAL COURT'S JOURNAL ENTRY FAILS TO MAKE SPECIFIC FINDINGS OF FACT ON ALL MATERIAL ISSUES RAISED."

I. and II.

**{¶12}** Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶13}** Ohio Criminal Rule 33 governs the filing of a motion for new trial. The rule provides, in pertinent part,

**{¶14}** "(A) Grounds

**{¶15}** "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

**{¶16}** "***

**{¶17}** "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof,

the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶18} "(B) Motion for new trial; form, time

{¶19} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶20} "**Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.**" (Emphasis added.)

{¶21} Here, it is undisputed Appellant's motions for a new trial and to vacate his conviction were not filed within one hundred twenty days after the day upon which the

verdict was rendered. Appellant did not demonstrate in his motion by clear and convincing evidence he was unavoidably prevented from discovering the alleged newly discovered evidence within one hundred twenty days of the verdict. Appellant did not seek leave of the court to file the motions for new trial and to vacate his conviction (essentially seeking a new trial) asserting he was unavoidably prevented from timely discovering the new evidence.[2]

**{¶22}** A defendant must first seek leave to file a delayed motion for a new trial. *State v. Mathis,* 134 Ohio App.3d 77 (1999). A trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay. *State v. Lanier,* 2d Dist. No.2009 CA 84, 2010–Ohio–2921, ¶ 17.

**{¶23}** A defendant is "unavoidably prevented" from filing a motion for new trial if the defendant "had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 145–146 (10th Dist.1984); *State v. Lake,* 5th Dist. No.2010 CA 88, 2011–Ohio–261, ¶ 37.

**{¶24}** Moreover, no hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay. *State v. Peals,* 6th Dist. No. L–10–1035, 2010–Ohio–5893, ¶ 23, citing *Lanier* at ¶ 22; *State v. Clumm,* 4th Dist. No. 08CA32, 2010–Ohio–342, ¶ 28; *State v. Bush,* 10th Dist. No. 08AP–627, 2009–Ohio–441, ¶ 12; *State v. Parker,* 178

---

[2] Appellant filed a motion in the trial court asserting unavoidable delay **after** the trial court's denial of his motion.

Ohio App.3d 574, 2008–Ohio–5178, ¶ 21 (2d Dist.); *State v. Norman,* 10th Dist. No. 04AP–1312, 2005–Ohio–5087, ¶ 9.

**{¶25}** We find the trial court did not err in summarily denying Appellant's motions for new trial and to vacate the conviction.

**{¶26}** Appellant's first and second assignments of error are overruled.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur