[Cite as *State v. Wilson*, 2023-Ohio-3314.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 23CA001 |
| | : | |
| KEITH WILSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Holmes County Court
of Common Pleas, Case No. 15CR015

JUDGMENT:                                       AFFIRMED

DATE OF JUDGMENT ENTRY:       September 18, 2023

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

ROBERT K. HENDRIX                         KEITH WILSON, PRO SE
Holmes Co. Asst. Prosecutor              Inmate No. 671694
164 E. Jackson St.                              N.C.C.C. CR-D-69
Millersburg, OH 44654                         P.O. Box 1812
                                                          Marion, OH 43301

*Delaney, J.*

{¶1} Appellant Keith Wilson appeals from the January 10, 2023 judgment entry of the Holmes County Court of Common Pleas overruling his motion for new trial. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's convictions may be found at our opinion in *State v. Wilson*, 5th Dist. Holmes No. 15CA015, 2015-Ohio-5588, *delayed appeal not allowed*, 146 Ohio St.3d 1414, 2016-Ohio-3390, 51 N.E.3d 659, and *appeal not allowed*, 147 Ohio St.3d 1508, 2017-Ohio-261, 67 N.E.3d 825 [*Wilson I*]. Appellant's petition for writ of habeas corpus was denied in its entirety. *Wilson v. Coleman*, N.D.Ohio No. 5:16 CV 2690, 2018 WL 8963530, *report and recommendation adopted,* N.D.Ohio No. 5:16-CV-26902019 WL 3574738.

{¶3} Appellant was convicted upon one count of aggravated robbery, two counts of aggravated burglary, one count of grand theft, and one count of burglary, as well as attendant firearm specifications. The trial court sentenced appellant to eight years on each count, except the Grand Theft count, on which he received twelve months, with all counts to run concurrently. The trial court imposed a mandatory three year sentence on each gun specification, to run concurrent with each other, but consecutive with the other counts. The court further ordered appellant pay $10,145 in restitution and costs.

{¶4} In *Wilson I,* appellant argued his convictions were against the manifest weight of the evidence, some of his convictions should have merged, the trial court erred in admitting certain evidence, the trial court should have granted a mistrial due to alleged juror misconduct and an allegedly-faulty transcript, and he received ineffective assistance

of defense trial counsel. We sustained appellant's arguments relevant to one count of aggravated burglary and overruled the remaining assignments of error. *Id.* Specifically, we noted the following regarding Count III, aggravated burglary:

> At this point, and as relevant to Counts 3 and 5, Appellant reentered Tyler's apartment to steal additional monies, while Tyler was still in the stairwell. Thereby he committed Burglary, in violation of R.C. 2911.12(A)(1)(D). Because the testimony of Tyler demonstrates Tyler was in possession of the gun prior to the altercation in the stairway, Count 3 was not committed with a weapon. Therefore, Appellant's conviction on Count 3 for Aggravated Burglary and the attendant firearm specification was based on insufficient evidence and is against the manifest weight of the evidence. Accordingly, Count 3 should be dismissed.
>
> *State v. Wilson*, 5th Dist. Holmes No. 15CA015, 2015-Ohio-5588, ¶ 41

{¶5} Appellant filed a motion for judicial release in August 2021 which was overruled by the trial court.

{¶6} On January 3, 2023, appellant filed a motion for new trial on the basis of newly-discovered evidence pursuant to Crim.R. 33(A). Specifically, appellant claimed, "In Defendant's trial, the Prosecuting Attorney withheld Exculpatory Evidence from Ron Larry's 15CR-016 trial (277-280) as this evidence would have changed the outcome of Defendant's trial, based on Defendant not being aware of this evidence, but the Prosecutor and Judge were. The Prosecuting Attorney's witness, Kenny Irwin, (State's

witness) was also inside the ride over, states at Roy Larry's trial the phone is not the Defendant's phone, nor did the Defendant use that phone * * *." Motion for New Trial, 5. Attached to appellant's motion is his own affidavit stating he was denied a fair trial. Appellant also acknowledged his motion for new trial is untimely, but argued Covid hampered his access to the law library and other materials.

{¶7}   Appellee responded with a memorandum in opposition on January 4, 2023.

{¶8}   The trial court overruled the motion for new trial on January 10, 2023.

{¶9}   Appellant now appeals from the trial court's decision of January 10, 2023.

{¶10} Appellant raises three assignments of error, *sic* throughout:

### ASSIGNMENTS OF ERROR

{¶11} "I. DEFENDANT SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL! UNETHICAL CONDUCT BEFORE THE JURY WHICH [PREVENTED] HIM FROM RECEIVING A FAIR TRIAL AS GUARANTEED BY THE 6TH AMENDMENT OF THE U.S. CONSTITUTION."

{¶12} "II. DEFENDANT SUFFERED PROSECUTORIAL MISCONDUCT VIOLATING HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION AMEND. 14."

{¶13} "III. WHETHER DEFENDANT'S VERDICT CAN BE SUSTAINED AS FAIR AND UNBIASED IN LIGHT OF NEWLY DISCOVERED EVIDENCE."

### ANALYSIS

#### I., II.

{¶14} Appellant's first and second assignments of error assert ineffective assistance of defense trial counsel and prosecutorial misconduct arising from his 2015

trial. These arguments do not arise from the motion for new trial and are barred by res judicata.

{¶15} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "The very purpose of res judicata is to deter the repeated litigation of resolved issues, thereby ensuring finality in judgments and the conservation of judicial resources." *In re Guardianship of Pond*, 5th Dist. Delaware No. 22 CAF 12 0081, 2023-Ohio-2492, ¶ 50, citing *State v. Martin*, 8th Dist. Cuyahoga No. 110257, 2022-Ohio-524, 2022 WL 557712, ¶ 10, internal citation omitted.

{¶16} As noted supra, appellant filed a direct appeal from his convictions and sentence. The issues raised by appellant in the first and second assignments of error were cognizable on direct appeal from his judgment of conviction and sentence, and his latest arguments are barred by *res judicata. State v. Feagin*, 5th Dist. Richland No. 2023 CA 0005, 2023-Ohio-2847, ¶ 36, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶17} Moreover, we note the arguments have no bearing on the motion for new trial and to the extent we can discern appellant's factual allegations, it is not clear to us that the same allegations were before the trial court in the motion and resulting judgment from which appellant appeals. We understand appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No. 2007–T–0022, 2008–Ohio–

2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted).

{¶18} In *State v. Hooks*, 92 Ohio St.3d 83, 2001–Ohio–150, 748 N.E.2d 528, the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *State v. Long*, 5th Dist. Richland No. 17CA15, 2017-Ohio-2848, ¶ 11, citing *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler*, 112 Ohio St.3d 122, 2006–Ohio–6515, 858 N.E.2d 386, ¶ 7, quoting *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006–Ohio–1195, 843 N.E.2d 1202, ¶ 16.

{¶19} Appellant's first and second assignments of error are overruled.

III.

{¶20} In his third assignment of error, appellant argues the trial court should have granted his motion for new trial based on testimony from another trial. We disagree.

{¶21} The decision whether to grant a new trial on grounds of newly discovered evidence falls within the sound discretion of the trial court. *State v. Hawkins*, 66 Ohio St.3d at 350, 612 N.E.2d 1227. We cannot reverse unless there has been a gross abuse of that discretion, and whether that discretion has been abused must be disclosed from

the entire record. *State v. Petro*, 148 Ohio St. at 507-508, 76 N.E.2d 370, quoting *State v. Lopa*, 96 Ohio St. 410, 411, 117 N.E. 319(1917).

{¶22} "The question of whether to decide a motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986); *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.); *State v. Shuster*, 5th Dist. Morgan No. 18AP0007, 2019-Ohio-4233, ¶ 9.

{¶23} A review under the abuse-of-discretion standard is a deferential review. "It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶24} First, we note appellant summarized allegedly-relevant testimony from a different trial in his motion before the trial court and in the instant appeal. Appellant has not filed any of the cited testimony or made any attempt to make such testimony part of the record in the instant case. It is therefore difficult for us to discern the relevance of the cited testimony.

{¶25} Moreover, appellant filed an admittedly untimely motion for new trial premised upon testimony allegedly produced at a trial that occurred in 2015. If appellant's motion was in fact based on newly discovered evidence, he would have to show by clear

and convincing evidence he was unavoidably prevented from discovering the evidence in a timely fashion. Crim.R. 33 provides, in pertinent part:

> (A) Grounds. A new trial may be granted on the motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> * * *
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.
>
> * * *
>
> (B) ) Motion for new trial; form, time.

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where

trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty-day period.

{¶26} Thus, Crim.R. 33(B) contemplates a two-step procedure when a defendant seeks to file a motion for new trial outside either the 14-day deadline for motions filed under Crim.R. 33(A)(2) or the 120-day deadline for motions filed under Crim.R. 33(A)(6). *State v. Hawk,* 10th Dist. Franklin No. 21AP-265, 2021-Ohio-4533, ¶ 13. In *Hawk,* the Court noted,

> In the first step, the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial. *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13; *State v. Gaven,* 10th Dist. No. 16AP-645, 2017-Ohio-5524, ¶ 13, 17. In the second step, if the trial court finds unavoidable prevention by clear and convincing evidence, then the defendant must file the motion for new trial within seven days from the trial court's order. *Bethel* at ¶ 13; *Gaven* at ¶ 13, 17.
>
> *State v. Hawk,* 10th Dist. Franklin No. 21AP-265, 2021-Ohio-4533, ¶ 13.

{¶27} "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v.*

*Thorton,* 5th Dist. Muskingum No. CT2016-0041, 2017-Ohio-637, ¶41. In determining whether a defendant has exercised reasonable diligence, courts have held "the defendant must describe all investigative actions undertaken within the 120-day period for timely filing a Crim.R. 33(A)(6) motion and explain why he was unavoidably prevented from discovering the evidence before the 120-day period elapsed." *State v. Cashin,* 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶17 (citations omitted). "Mere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *Cashin*, ¶ 17, (citations omitted).

{¶28} Here, it is undisputed appellant's motion for a new trial was not filed within one hundred twenty days after the day upon which the verdict was rendered. Appellant did not demonstrate in his motion by clear and convincing evidence he was unavoidably prevented from discovering the alleged newly discovered evidence within one hundred twenty days of the verdict. Appellant did not seek leave of the court to file the motion for new trial asserting he was unavoidably prevented from timely discovering the new evidence.

{¶29} A defendant must first seek leave to file a delayed motion for a new trial. *State v. Baldwin*, 5th Dist. Stark No. 2013CA00134, 2014-Ohio-290, ¶ 22. A trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay. *State v. Lanier,* 2d Dist. No.2009 CA 84, 2010–Ohio–2921, ¶ 17.

{¶30} A defendant is "unavoidably prevented" from filing a motion for new trial if the defendant "had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion

in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 145–146 (10th Dist.1984); *State v. Lake,* 5th Dist. Richland No. 2010 CA 88, 2011–Ohio–261, ¶ 37.

{¶31} Moreover, no hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay. *State v. Peals,* 6th Dist. No. L–10–1035, 2010–Ohio–5893, ¶ 23, citing *Lanier* at ¶ 22; *State v. Clumm,* 4th Dist. No. 08CA32, 2010–Ohio–342, ¶ 28; *State v. Bush,* 10th Dist. No. 08AP–627, 2009–Ohio–441, ¶ 12; *State v. Parker,* 178 Ohio App.3d 574, 2008–Ohio–5178, ¶ 21 (2d Dist.); *State v. Norman,* 10th Dist. No. 04AP–1312, 2005–Ohio–5087, ¶ 9.

{¶32} We find the trial court did not err in summarily denying appellant's motion for new trial. *Baldwin*, supra, 2014-Ohio-290, ¶ 25.

## CONCLUSION

{¶33} Appellant's three assignments of error are overruled and the judgment of the Holmes County Court of Common Pleas is affirmed.


By: Delaney, J.,

Wise, P.J. and

King, J., concur.