**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. McAlpin*, Slip Opinion No. 2026-Ohio-148.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-148

THE STATE OF OHIO, APPELLEE, *v.* MCALPIN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. McAlpin*, Slip Opinion No. 2026-Ohio-148.]**

*Criminal law—A defendant's failure to obtain leave to file an untimely Crim.R. 33 motion for new trial is a sufficient reason to affirm the trial court's denial of the motion—Appellant failed to obtain leave to file his untimely Crim.R. 33 motion for new trial based on newly discovered evidence—Court of appeals' judgment affirmed and cause remanded to trial court to address appellant's pending motion for leave to file a motion for new trial.*

(No. 2024-0749—Submitted October 28, 2025—Decided January 21, 2026)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 110811, 2023-Ohio-4794.

_____

KENNEDY, C.J., authored the opinion of the court, which FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**KENNEDY, C.J.**

{¶ 1} In this appeal from a judgment of the Eighth District Court of Appeals, we are asked to decide whether the trial court erred in denying appellant Joseph McAlpin's motion for a new trial. McAlpin was sentenced to death in 2019 for two murders that occurred during the robbery of a used-car business in Cleveland. In August 2019, without seeking leave of court, he filed a delayed motion for new trial based on newly discovered evidence. The following year, before the trial court ruled on the August 2019 motion, McAlpin filed a motion for leave to file a motion for new trial in February 2020 and a second new-trial motion based on newly discovered evidence in April 2020. The trial court subsequently denied McAlpin's August 2019 new-trial motion without addressing his February 2020 motion for leave or his April 2020 new-trial motion.

{¶ 2} McAlpin appealed the order denying his August 2019 new-trial motion to the Eighth District. He contended that the trial court had erred in failing to address his pending motion for leave before denying his August 2019 new-trial motion. McAlpin suggested that his motion for leave was seeking leave to file his August 2019 new-trial motion, not his April 2020 motion. He argued that because the trial court did not rule on his August 2019 new-trial motion before he filed his motion for leave in February 2020, both motions were pending when the trial court denied his August new-trial motion and Crim.R. 33(B) required the trial court to address his motion for leave first. The appellate court affirmed the judgment of the trial court, holding in part that the trial court, in issuing its summary denial of the August 2019 new-trial motion, intended to and implicitly did deny the motion for leave, 2023-Ohio-4794, ¶ 36-37 (8th Dist.). McAlpin now appeals that judgment.

{¶ 3} We affirm the judgment of the court of appeals but on different grounds. Under Crim.R. 33(B), an untimely motion for new trial based on newly discovered evidence may be filed only with leave of court. *See State v. Hatton*, 2022-Ohio-3991, ¶ 27-28. Because McAlpin's February 2020 motion for leave was

2

actually directed toward the new-trial motion he filed in April 2020, he never sought leave to file the August 2019 new-trial motion at issue in this appeal. Accordingly, the trial court's denial of the August new-trial motion was proper because McAlpin failed to comply with the mandatory procedures set forth in Crim.R. 33(B).

## I.  BACKGROUND

### A.  Criminal Trial and August 2019 Motion for New Trial

{¶ 4} McAlpin was sentenced to death in 2019 after a jury found him guilty of aggravated murder for the shooting deaths of two people during the robbery of their used-car business in Cleveland.  *State v. McAlpin*, 2022-Ohio-1567, ¶ 1, 77. He represented himself at trial.  We affirmed the convictions and sentence on direct appeal.  *Id.* at ¶ 301.

{¶ 5} In August 2019, McAlpin filed a pro se motion for a new trial based on a claim of newly discovered evidence under Crim.R. 33(A)(6).  Because it was filed more than 120 days after the verdict, the new-trial motion was untimely under Crim.R. 33(B), but McAlpin had not obtained leave of court before filing it.  That motion is the subject of the present appeal, although we do not discuss its substance, because the merits of McAlpin's new-trial motion are not material here.

### B.  Motion for Leave to File Motion for New Trial

{¶ 6} In February 2020, before the trial court ruled on McAlpin's August 2019 new-trial motion, he filed a motion for leave to file a motion for new trial. The motion for leave did not specifically seek leave to file the previously filed August 2019 new-trial motion.  Rather, it referred to a "supplemental" new-trial motion, which was filed after the February 2020 motion for leave was filed.  The motion for leave stated: "Out of abundance of caution, and to avoid any appearance of delay[, I am] simultaneously filing a supplemental motion for new trial Instanter with this motion for leave."  He filed the "supplemental" new-trial motion in April 2020.  Although McAlpin's April 2020 new-trial motion is not an exact copy of his

3

August 2019 motion, it relies on the same evidence and advances the same arguments. In November 2020, McAlpin filed a petition for postconviction relief and later filed supplemental exhibits in support of his April 2020 new-trial motion. As of May 12, 2021, the trial court had not ruled on the motion for leave or the two new-trial motions, so McAlpin filed an original action in this court to compel a ruling.

### C. McAlpin's 2021 Mandamus Action and the Trial Court's Order Denying His August 2019 New-Trial Motion

{¶ 7} In May 2021, McAlpin filed a petition in this court seeking a writ of mandamus compelling the trial-court judge, now former Cuyahoga County Common Pleas Court Judge Brian Corrigan, to rule on his motion for leave. *State ex rel. McAlpin v. Corrigan*, case No. 2021-0615. Specifically, he requested a ruling on the "Motion for Leave to File a Motion for New Trial, that was filed by the relator on February 18, 2020 [in] court docket No. CR-17-623243." McAlpin attached a copy of his motion for leave to his petition.

{¶ 8} On May 25, 2021, the trial court issued an order denying McAlpin's August 2019 new-trial motion. The order stated: "DEFENDANT'S MOTION FOR NEW TRIAL FILED ON 8-20-19, IS DENIED." (Capitalization in original.) Thereafter, McAlpin asked the trial court to issue findings of fact and conclusions of law for the order denying the motion. The trial court did not do so.

{¶ 9} On May 28, 2021, counsel for Judge Corrigan filed a notice of judicial action in McAlpin's mandamus case, advising this court of the trial court's order denying McAlpin's August 2019 new-trial motion. Counsel noted: "Respondent is providing notice of the filing of the above document[] to this Court since [it] may have an impact on the Court's ruling in the instant case." The same day, counsel for Judge Corrigan filed a motion to dismiss McAlpin's mandamus action. The motion incorrectly characterized McAlpin's petition as seeking to compel the judge to issue a ruling on "a motion for new trial . . . filed on August 20, 2019." In fact,

4

as indicated above, McAlpin sought a ruling on his *motion for leave* to file a new-trial motion, not on either of his pending new-trial motions. Based on this incorrect characterization, counsel for Judge Corrigan asserted that McAlpin's mandamus petition was moot because the judge had already performed the act that McAlpin purportedly sought to compel, i.e., he had issued a ruling on the August 2019 new-trial motion. We granted the motion to dismiss. 2021-Ohio-2307.

### D. Appeal to the Eighth District Court of Appeals

{¶ 10} McAlpin appealed the trial court's May 25, 2021 order denying his August 2019 new-trial motion to the Eighth District, asserting that the trial court abused its discretion (1) when it failed to consider his motion for leave before denying his August new-trial motion and (2) when it failed to grant his motion for leave. 2023-Ohio-4794 at ¶ 23 (8th Dist.). In briefing before the court of appeals, McAlpin characterized the February 2020 motion for leave as seeking leave to file his August 2019 new-trial motion. The State treated the motion for leave similarly but nevertheless argued that the trial court had properly denied the August new-trial motion because McAlpin failed to *obtain or even seek leave before* filing it, in violation of Crim.R. 33(B).

{¶ 11} The Eighth District affirmed. *Id.* at ¶ 49. It overruled McAlpin's first assignment of error and held that the trial court had implicitly denied his February 2020 motion for leave when it denied his August 2019 motion for new trial. *Id.* at ¶ 36-37, 49.

{¶ 12} Because it found that the trial court had implicitly denied McAlpin's motion for leave, the court of appeals considered McAlpin's second assignment of error, which asserted that the trial court had erred in denying the motion. *Id*. at ¶ 38. After analyzing the merits of the motion for leave, the court of appeals concluded that McAlpin had not met his threshold burden under Crim.R. 33(B) of showing that he had been unavoidably prevented from discovering the evidence at issue in a timely manner. *Id*. at ¶ 43-47. The court of appeals therefore overruled

McAlpin's second assignment of error, holding that the trial court had acted within its discretion in denying the motion for leave. *Id*. at ¶ 47-48. Accordingly, the Eighth District affirmed the judgment of the trial court denying McAlpin's August 2019 motion for new trial. *Id*. at ¶ 48-49.

### E. Appeal to This Court

{¶ 13} McAlpin appealed the judgment of the court of appeals, and we accepted the appeal. 2024-Ohio-5529. McAlpin presents two propositions of law. He asks this court to hold that (1) a trial court must address a pending motion for leave to file a new-trial motion before issuing a decision on the motion for a new trial and (2) courts of appeals should not expand the scope of a trial court's order to include the dispositions of motions that were not addressed in the trial court's order.

## II. ANALYSIS

### A. Standard of Review

{¶ 14} We review for abuse of discretion a trial court's ruling on a motion for a new trial on the grounds of newly discovered evidence. *State v. LaMar*, 2002-Ohio-2128, ¶ 85, citing *State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993). The same standard of review applies for a motion for leave to file a new-trial motion. *State v. McNeal*, 2022-Ohio-2703, ¶ 13. The term "abuse of discretion" means a ruling that is unreasonable, arbitrary, or unconscionable. *State v. White*, 2008-Ohio-1623, ¶ 46. However, "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39. We review questions of law de novo. *Id*. at ¶ 38.

### B. The Trial Court Properly Denied McAlpin's August 2019 New-Trial Motion

{¶ 15} A defendant may move for a new trial on the grounds of newly discovered evidence. Crim.R. 33(A)(6). Generally, a motion for a new trial based

on newly discovered evidence must be filed within 120 days after the jury verdict was rendered or the trial court's decision was issued if the defendant waived the right to a jury trial. Crim.R. 33(B). Crim.R. 33 provides an exception to the 120-day deadline when the defendant was unavoidably prevented from discovering the evidence:

> If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B).

{¶ 16} Accordingly, a defendant who seeks a new trial outside the 120-day period must comply with Crim.R. 33(B)'s "two-step process" for filing an untimely motion. *Hatton*, 2022-Ohio-3991, at ¶ 29. The first step is to obtain an order from the trial court allowing the delayed filing. Crim.R. 33(B); *see also State v. Miller*, 2023-Ohio-3448, ¶ 20 (Kennedy, C.J., concurring) ("If a defendant wishes to move for a new trial based on newly discovered evidence and it has been more than 120 days since the verdict was rendered, the defendant must first seek an order from the court allowing the delayed filing."). To be entitled to the order, the defendant must show by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120-day period. *Hatton* at ¶ 28, citing Crim.R. 33(B).

{¶ 17} Although Crim.R. 33(B) does not expressly require a defendant to file a motion for leave to present that proof, we have consistently construed Crim.R. 33(B) to require a defendant to obtain leave of court before filing an untimely new-

trial motion. *See, e.g.*, *State v. Grad*, 2024-Ohio-5710, ¶ 66 ("at the motion-for-new-trial stage, the defendant must clear a higher bar after the court first grants leave to file the new-trial motion"); *Hatton* at ¶ 28 ("If the trial court determines that the defendant has met [his] burden [to show that he was unavoidably prevented from discovering the evidence within 120 days of the verdict] and grants a motion for leave to file a motion for a new trial, then the defendant must file that motion within seven days."); *State v. Bethel*, 2022-Ohio-783, ¶ 41 ("until a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court"); *see also Miller* at ¶ 20 (Kennedy, C.J., concurring) ("A defendant can seek [an order allowing an untimely motion for a new trial based on newly discovered evidence] by filing a motion for leave to file a new-trial motion.").

{¶ 18} If the trial court determines that the defendant has met the burden of proof and grants the motion for leave, the defendant can move to the second step in Crim.R. 33(B)'s two-step process. Crim.R. 33(B); *see also Hatton* at ¶ 30 ("When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave."). The second step is to file the new-trial motion within seven days of the order allowing the delayed filing. *Hatton* at ¶ 28, citing Crim.R. 33(B). In short, an untimely motion for new trial based on newly discovered evidence may be filed only after the trial court grants leave to file it. *Id*.

{¶ 19} In the present case, the jury rendered its guilty verdict on April 16, 2019. McAlpin filed a motion for new trial based on newly discovered evidence on August 20, 2019—126 days later. Because the 120-day deadline for filing a motion for new trial as set forth in Crim.R. 33(B) had passed, McAlpin was required to obtain leave before filing the delayed new-trial motion. He did not do so.

{¶ 20} But McAlpin asserts that he did seek leave to file it. He contends that due to the trial court's delay in ruling on his August 2019 new-trial motion, the motion for leave he filed six months later was pending when the trial court denied

his August 2019 new-trial motion. Claiming that a trial court must address a pending motion for leave before ruling on a new-trial motion—regardless of the order in which the motions were filed—McAlpin argues that the trial court erred in denying his August 2019 new-trial motion before ruling on his pending motion for leave.

{¶ 21} This argument lacks merit. The record shows that McAlpin never sought leave to file his August 2019 new-trial motion. It is undisputed that he failed to request leave of court before he filed his August 2019 new-trial motion. When he moved for leave in February 2020, he was seeking leave to file his subsequent, April 2020 new-trial motion, not his August 2019 motion. Although it mentioned the "newly discovered evidence shown in his Motion for New Trial," which is what he had titled his August 2019 new-trial motion, the motion for leave specifically referred to his April 2020 new-trial motion, which he called "a supplemental motion" and which he submitted after his February 2020 motion for leave. His motion for leave states: "Out of abundance of caution, and to avoid any appearance of delay[, I am] simultaneously filing a supplemental motion for new trial Instanter with this motion for leave." The explicit reference to a new-trial motion being filed simultaneously with the motion for leave shows that the subsequently filed April 2020 new-trial motion is the object of the motion for leave.

{¶ 22} Moreover, the first few pages of McAlpin's filing titled "Supplemental Exhibits in support of Motion for new trial" clarify that he sought leave to file the April 2020 new-trial motion, not the August 2019 motion. In this filing, McAlpin recited that he had filed a motion for new trial in August 2019. He then stated that he later sought leave to "refile" that motion and subsequently did so: "Out of an abundance of caution, the defendant requested a leave of this court on February 18, 2020, to *refile* his motion for new trial pursuant to Crim.R. 33. On April 27, 2020, the defendant *supplemented and refiled* his Motion for New Trial." (Emphasis added.) This statement, specifying that McAlpin sought leave to "refile"

his August 2019 new-trial motion and that the supplemental exhibits supported the April 2020 ("supplemented and refiled") new-trial motion, confirms that McAlpin meant for the motion for leave to address the April 2020 new-trial motion, not the August 2019 motion. Accordingly, based on the evidence in the record, McAlpin did not seek leave to file the motion for new trial at issue in this appeal.

{¶ 23} Even assuming for the sake of argument that McAlpin's February 2020 motion for leave was directed toward his August 2019 new-trial motion, the trial court properly denied the new-trial motion. As discussed above, Crim.R. 33(B) requires defendants to obtain leave of court before filing a motion for a new trial outside the prescribed time limits. *Hatton*, 2022-Ohio-3991, at ¶ 28. When a defendant files an untimely new-trial motion without first obtaining leave of court, he or she fails to comply with the necessary procedural steps set forth in Crim.R. 33(B). A defendant's failure to obtain leave to file an untimely motion for a new trial is a sufficient reason to affirm a trial court's denial of a motion for new trial. *State v. Norman*, 2005-Ohio-5087, ¶ 8 (10th Dist.). Here, because McAlpin did not first obtain leave to file the new-trial motion at issue in this appeal, he failed to comply with Crim.R. 33(B)'s mandatory two-step process for filing an untimely motion. Accordingly, the trial court's denial of the August 2019 new-trial motion was proper.

{¶ 24} Because we affirm the court of appeals' judgment on this ground, we do not reach McAlpin's second proposition of law.

### III. CONCLUSION

{¶ 25} We affirm the judgment of the Eighth District Court of Appeals affirming the trial court's denial of McAlpin's August 2019 motion for new trial. The trial court properly denied the August new-trial motion because McAlpin did not obtain leave of court to file it, in violation of Crim.R. 33(B). We remand this case to the Cuyahoga County Court of Common Pleas with instructions that it address McAlpin's pending February 2020 motion for leave to file a new-trial

motion and determine whether McAlpin has shown by clear and convincing proof that he was unavoidably prevented from discovering the evidence at issue within the 120-day period prescribed by Crim.R. 33(B).

Judgment affirmed

and cause remanded to the trial court.

———————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher and Tasha Forchione, Assistant Prosecuting Attorneys, for appellee.

Elizabeth R. Miller, Ohio Public Defender, and Renee Severyn and Cassandra Goodpaster, Assistant Public Defenders, for appellant.

———————————