[Cite as *State v. Lockhart*, 2026-Ohio-1007.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 07 0057 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 06 CRI 01 0011 |
| JOHN LOCKHART, JR. | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: March 24, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; JOHN LOCKHART, JR. PRO SE, for Defendant-Appellant.

*King, P.J.*

{¶ 1}   Defendant-Appellant John Lockhart, Jr., appeals the judgment entry of the Delaware County Court of Common Pleas denying his Motion for a New Trial. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   On January 13, 2006, Lockhart was indicted by the Delaware County Grand Jury on three counts of rape and three counts of gross sexual imposition. On July 20, 2006, the matter proceeded to jury trial and Lockhart was convicted of one count of rape and three counts of gross sexual imposition.

{¶ 3}   Following his sentencing, Lockhart filed a direct appeal. This court affirmed his convictions and sentence. *State v. Lockhart*, 2008-Ohio-57 (5th Dist.) appeal not

allowed, *State v. Lockhart*, 2008-Ohio-2595. Since that time, Lockhart has filed numerous motions and appeals in both state and federal courts, none of which have been successful.

{¶ 4}   On April 21, 2025, more that 18 years after his convictions and sentence, Lockhart filed a motion for a new trial. His complaints included various allegations of witness tampering before and during his trial and allegations of ineffective assistance during his trial and on direct appeal. In July, 2025, the trial court denied the motion as untimely.

{¶ 5}   Lockhart filed an appeal and the matter is now before this court for consideration. Lockhart has failed to set forth an assignment of error as required by App.R. 16(A), and instead generally argues the trial court erred and abused its discretion in denying his motion for a new trial. We disagree.

## Analysis

{¶ 6}   Crim.R. 33 governs new trials. A motion for a new trial made pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court and may not be reversed unless we find an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 75 (1990). It is also within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrants an evidentiary hearing. *State v. Hill*, 64 Ohio St.3d 313, 333, 1992-Ohio-43, 595 N.E.2d 884 (1992). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev.*

*Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id*. "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id*.

{¶ 7} Crim.R. 33(B) provides:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he

was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 8}  Here, Lockhart's motion for new trial was grossly untimely, he made no argument that he was unavoidably prevented from discovering any of the evidence discussed in his motion, and he failed to comply with the requirements of Crim.R. 33.

{¶ 9}  Crim.R. 33(B) requires a defendant to obtain leave of court before filing a motion for a new trial outside the prescribed time limits. State v. *Hatton*, 2022-Ohio-3991, at ¶ 28. A defendant's failure to obtain leave to file his motion is a sufficient reason to affirm a trial court's denial of a motion for new trial. *State v. McAlpin*, 2026-Ohio-148 ¶ 23. Moreover, the arguments contained in Lockhart's motion and here on appeal are based entirely upon evidence and circumstances he was aware of at the time of trial and which could have been raised on direct appeal.

{¶ 10} Because Lockhart failed to comply with the requirements of Crim.R. 33, and because all of his arguments could have been raised on direct appeal, we find the trial court did not abuse its discretion in denying Lockhart's Motion for a New Trial. Lockhart's arguments are therefore overruled.

{¶ 11} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.

{¶ 12} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Montgomery, J. concur.