[Cite as *State v. Abraham*, 2026-Ohio-1561.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

     Plaintiff- Appellee,             :

                                   No. 115553

v.                                           :

RALIEGH ABRAHAM,                             :

     Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 30, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674860-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Raliegh Abraham, *pro se.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant Raliegh Abraham ("Abraham") appeals from the trial court's order denying his untimely motion for new trial. Since Abraham's motion for new trial was filed prior to the court ruling on his motion for leave to file

a motion for new trial ("motion for leave") that had been filed the same day, the trial court properly denied his motion for new trial. As such, we affirm the trial court's decision and remand this case to the trial court with instructions to consider Abraham's pending motion for leave.

## I. Relevant Procedural History

{¶ 2} At the conclusion of a bench trial in January 2024, the trial court found Abraham guilty of two counts of rape in violation of R.C. 2907.02(A)(1)(c), felonies of the first degree. Sentencing was held two months later wherein the court imposed an aggregate term of three years to a maximum of four years and six months in prison.

{¶ 3} Abraham appealed his convictions, alleging that they were against the manifest weight of the evidence. This court overruled Abraham's sole assignment of error. *State v. Abraham,* 2024-Ohio-5600, ¶ 58-59 (8th Dist.). His subsequent application to reopen his appeal was also denied. *State v. Abraham,* 2025-Ohio-1446, ¶ 20 (8th Dist.).

{¶ 4} On March 17, 2025, Abraham filed a petition to vacate or set aside his judgment of conviction or sentence, alleging that he was denied effective assistance of counsel. Abraham's petition was denied by the trial court.

{¶ 5} On August 11, 2025 Abraham filed a motion for new trial simultaneous with a motion for leave. Almost a week later, the court denied his motion for new trial.

**{¶ 6}** It is the trial court's denial of his motion for new trial from which Abraham now appeals, raising the following assignment of error for our review:

> The trial court abused its discretion in failing to grant [Abraham's] motion for leave to file a motion for new trial or for failing to hold a hearing on [Abraham's] motion for leave to file a motion for new trial.

## II.  Law and Analysis

**{¶ 7}** In his sole assignment of error, Abraham argues that the trial court erred by failing to grant his motion for leave.  However, the trial court did not rule on Abraham's motion for leave.  Rather, it properly denied his motion for new trial that had been filed without first obtaining leave from the trial court.  Abraham's motion for leave remains pending.  For this reason, we overrule Abraham's sole assignment of error, affirm the trial court's judgment denying Abraham's untimely motion for new trial, and remand the case to the trial court to consider Abraham's pending motion for leave.

### 1.  Applicable law

**{¶ 8}** Crim.R. 33 provides the framework by which a criminal defendant may move the trial court for a new trial.  One of the grounds by which a new trial may be granted is if "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial." Crim.R. 33(A)(6).  Crim.R. 33(B) provides that an application for a new trial must be made within 14 days after the verdict was rendered.  If the motion is made on the account of newly discovered evidence, the motion for a new trial must be made within 120 days after the day upon which the verdict was rendered.  Crim.R. 33(B).

{¶ 9} "Accordingly, a defendant who seeks a new trial outside the 120-day period must comply with Crim.R. 33(B)'s 'two-step' process for filing an untimely motion." *State v. McAlpin,* 2026-Ohio-148, ¶ 16, citing *State v. Hatton,* 2022-Ohio-3991, ¶ 29. The first step in this process requires the defendant to obtain an order from the court finding that the defendant "was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B); *McAlpin* at ¶ 16. The Ohio Supreme Court has consistently interpreted Crim.R. 33(B) "to require a defendant to obtain leave of court before filing an untimely new-trial motion." *McAlpin* at ¶ 17.

{¶ 10} If the trial court determines that the defendant has demonstrated he was unavoidably prevented from discovering the evidence on which he or she now relies, the second step is for the defendant to file a motion for new trial within seven days of the court's order finding that the defendant was unavoidably prevented from discovering the evidence within the 120-day period. Crim.R. 33(B); *Hatton* at ¶ 28. "In short, an untimely motion for new trial based on newly discovered evidence may be filed *only after the trial court grants leave* to file it." (Emphasis added.) *McAlpin* at ¶ 18, citing *Hatton* at ¶ 28.

### 2. Analysis

{¶ 11}As a preliminary matter, we note Abraham filed his motion for new trial and motion for leave on the same day and outside the 120-day time period set forth in Crim.R. 33(B). In short, Abraham had not yet obtained leave from the trial court when he filed his motion for new trial, i.e., the trial court had not determined

whether Abraham was unavoidably prevented from discovering the new evidence within the 120-day time period. The trial court denied his motion for new trial but did not address Abraham's motion for leave.

{¶ 12} The Ohio Supreme Court has held that "[w]hen a defendant files an untimely new-trial motion without first obtaining leave of court, he or she fails to comply with the necessary procedural steps set forth in Crim.R. 33(B)" and therefore the "defendant's failure to obtain leave to file an untimely motion for a new trial is a sufficient reason to affirm a trial court's denial of a motion for new trial." *McAlpin* at ¶ 23. In *McAlpin,* the Court recognized that the trial court properly denied the defendant's untimely motion for new trial since it was filed prior to obtaining leave from the trial court. As a result, the Court held that the trial court properly denied the defendant's motion for new trial since it had been filed without first obtaining leave of court and remanded the case to the trial court with instructions to address the defendant's pending motion for leave. *Id*. at ¶ 25.

{¶ 13} Here, the trial court properly denied Abraham's motion for new trial that had been filed prior to obtaining leave from the trial court, in violation of the procedure set forth in Crim.R. 33(B). As such, we affirm the trial court's denial of Abraham's motion for new trial and remand the case to the trial court to address Abraham's pending motion for leave.

{¶ 14} Judgment affirmed; case remanded.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR